

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DINA SENGA KASWATUKA,          §
                                §
        Plaintiff,              §
                                §
VS.                             §    NO. 4:20-CV-192-A
                                §
DFW AIRPORT POLICE,             §
                                §
        Defendant.              §

## MEMORANDUM OPINION & ORDER

Came on for consideration the motion to dismiss filed by
defendant, Dallas/Fort Worth International Airport Board,
incorrectly named as DFW Airport Police, Doc.[1] 10, and the motion
for leave to file an amended pleading filed by plaintiff, Dina
Senga Kaswatuka, Doc. 17.  Having considered the motion to
dismiss, the amended response, the reply, the record, and the
relevant legal authorities, the court finds that the motion to
dismiss should be granted.  The court also finds that
plaintiff's motion for leave to file an amended pleading should
be denied as futile.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

I.

## Factual Background

Taking the allegations in the complaint as true, plaintiff was falsely accused by the airport police of planning a shooting at the airport where she worked as a Transportation Security Administration ("TSA") agent.  Doc. 1 at 1.  This false accusation was the result of collaboration between the police and the TSA's management.  Id.  The police and TSA management sought plaintiff's removal from her position as retaliation for a complaint that plaintiff lodged regarding their refusal to investigate an assault she suffered at the hands of a passenger. Id.

II.

## Procedural Background

On February 27, 2020, plaintiff filed her pro se complaint. Id.  On April 2, 2020, defendant filed its motion to dismiss. Doc. 10.  On April 3, 2020 plaintiff filed a document titled "Motion to Retain," Doc. 12, and on April 9, 2020, plaintiff filed an amended version of such document, Doc. 15.  These documents contain some facts not included in the complaint and sections devoted to, inter alia, service of process, jurisdiction, venue, facts, and damages.  Id.  Although these documents are structured like complaints, plaintiff identifies

2

them as "Opposition to the defendant's Motion to dismiss" and uses them to "request[] that the defendant [sic] Motion to dismiss be denied." Doc. 12 at 1; Doc. 15 at 1. Instead of reading meaning into the structure and content of the documents, the court will adhere to plaintiff's explanation of the documents' purpose and consider them responses to the motion to dismiss. On April 17, 2020, defendant filed its reply. Doc. 16.

On April 28, 2020, plaintiff filed a document titled "Memorandum in Support of Motion for Leave to File Amended Pleaded [sic] Pleading," Doc. 17, but failed to file the motion such document purported to support and the proposed amended pleading required by Local Civil Rule LR 15.1. The court interprets this document to be an attempted motion for leave to amend and its contents, structured like a complaint, to constitute the proposed amended pleading.

III.

Grounds of the Motion to Dismiss

The motion to dismiss asserts that plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted. Doc. 10. Defendant argues that plaintiff's original complaint is conclusory and lacks the specificity required to state a claim. Id. ¶¶ 7-13.

3

IV.

Applicable Law

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted). Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a
cause of action. Id. at 555 & n.3. Thus, while a court must
accept all of the factual allegations in the complaint as true,
it need not credit bare legal conclusions that are unsupported
by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S.
662, 679 (2009) ("While legal conclusions can provide the
framework of a complaint, they must be supported by factual
allegations."). "[P]ro se complaints are held to less stringent
standards than formal pleadings drafted by lawyers." Taylor v.
Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002)
(internal quotation and citation omitted). "However, regardless

4

of whether the plaintiff is proceeding pro se or is represented
by counsel, conclusory allegations or legal conclusions
masquerading as factual conclusions will not suffice to prevent
a motion to dismiss." Id.

Moreover, to survive a motion to dismiss, the facts pleaded
must allow the court to infer that the plaintiff's right to
relief is plausible. Id. at 678. To allege a plausible right
to relief, the facts pleaded must suggest liability; allegations
that are merely consistent with unlawful conduct are
insufficient. Twombly, 550 U.S. at 566-69. "Determining whether
a complaint states a plausible claim for relief . . . [is] a
context-specific task that requires the reviewing court to draw
on its judicial experience and common sense." Iqbal, 556 U.S. at
679. "In considering a motion to dismiss for failure to state a
claim, a district court must limit itself to the contents of the
pleadings, including attachments thereto." Collins v. Morgan
Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

V.

Analysis

Defendant argues that plaintiff failed to state a claim
upon which relief may be granted in her complaint and,
therefore, her claims should be dismissed. The court agrees.
Further, the court finds that even if her response and amended

5

response were viewed as attempts to amend her complaint,
plaintiff still failed to state a claim for relief.  Finally,
plaintiff's motion for leave to amend is futile because the
proposed amended pleading also fails to state a claim.

A.    Plaintiff's claims should be dismissed.

Plaintiff seems to pursue a claim under 42 U.S.C. § 1983
because she states that the police violated her constitutional
rights.  Doc. 1 at 1.  She fails to state a § 1983 claim for two
reasons.

i.    Plaintiff relies on respondeat superior.

First, § 1983 does not allow a governmental entity to be
held vicariously liable for the actions of its officers under a
theory of respondeat superior.  42 U.S.C. § 1983; Bd. of Cty.
Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Instead, a
governmental entity may be liable under § 1983 only if the
execution of one of its policies or customs deprives a plaintiff
of a constitutional right.  Monell v. Dep't of Soc. Serv., 436
U.S. 658, 690-91 (1978).  To hold a unit of local government
liable under § 1983 therefore requires the plaintiff to
"initially allege that an official policy or custom was a cause
in fact of the deprivation of rights inflicted."  Spiller v.
Texas City Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997)
(internal quotation marks and citation omitted).  Moreover,

6

"[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" Pena v. City of Rio Grande City, 879 F.3d 613, 622 (5th Cir. 2018) (quoting Spiller, 130 F.3d at 167).

Plaintiff fails to plead specific facts regarding a policy enacted by or a custom accepted by defendant. In fact, she does not allege that defendant was involved in any capacity. Instead, she focuses solely on the actions of the police officers. Because plaintiff's § 1983 claims against a unit of government rely on respondeat superior, such claims should be dismissed.

ii. Plaintiff does not allege a constitutional violation.

Second, to state a § 1983 claim, plaintiff must allege the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. The complaint states that police officers violated plaintiff's Fourth and Fifth Amendment rights, Doc. 1 at 1, but does not explain how or provide supporting facts. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.

The Fourth Amendment's protections are not applicable to these facts; plaintiff has alleged neither a search nor a seizure.[2]  The Fifth Amendment is also inapplicable here. Because the Fifth Amendment's Grand Jury, Double Jeopardy, Self-Incrimination, and Takings Clauses do not relate to the facts, the court assumes that plaintiff intends to invoke the Due Process Clause.  However, the Fifth Amendment's Due Process Clause applies only to federal actors, and defendant is a unit of local government.  Doc. 16 ¶ 15.

The Fourteenth Amendment's Due Process Clause does govern the conduct of units of local government, but it is inapplicable to these facts.  To state a substantive due process claim, a plaintiff must allege that she was deprived of a liberty or property interest without due process of law.  Paul v. Davis, 424 U.S. 693, 710-12 (1976).  Plaintiff has not alleged the deprivation of such an interest.  The court is not aware of a liberty interest in freedom from an investigation initiated with malicious intent.  Even if the investigation had led to

---

[2] Although the Fifth Circuit found in the past that malicious prosecution constituted a freestanding Fourth Amendment violation, it has since disclaimed that view. Castellano v. Fragozo, 352 F.3d 939, 942, 947-49 (5th Cir. 2003) (en banc).  Regardless, plaintiff has not alleged that she was subject to a criminal prosecution, but rather, only to an investigation. See Richey v. Brookstore Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997) (listing "the commencement of a criminal prosecution" as an element of a malicious prosecution claim); Browning-Ferris Indust., Inc. v. Lieck., 881 S.W.2d 288, 292 (Tex. 1994) ("A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities.").

plaintiff's baseless prosecution, plaintiff would not have pleaded the existence of a liberty interest. Albright v. Oliver, 510 U.S. 266, 271-75 (1994) (freedom from prosecution without probable cause is not a liberty interest).

Even if the complaint stated that defendant succeeded in causing plaintiff to lose her job, plaintiff would still fail to allege that defendant deprived her of a liberty or property interest. A public employee holds a property interest in her employment if she may only be discharged for cause. Gilbert v. Homar, 520 U.S. 924, 928-29 (1997). However, plaintiff has not alleged that defendant or the police employed or terminated her.[3] Consequently, even if plaintiff had a property interest in her employment, she failed to plead that it was defendant who deprived her of that interest. Because plaintiff does not allege facts that show a violation of her constitutional rights, she fails to state a § 1983 claim.

Instead, plaintiff seems to allege that the police attempted to interfere with her business relationship with her employer, a tort rooted in state law. See Holloway v. Skinner, 898 S.W.2d 793, 794-95 (Tex. 1995). The court lacks federal question jurisdiction over such a cause of action, 28 U.S.C. §

---

[3] An attachment to her response states that plaintiff was employed by the TSA. Doc. 12 at 11-12.

9

1331, and plaintiff has not alleged or stated facts to show that the court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332.   Therefore, to the extent that the complaint states a claim of tortious interference of a business relationship, this action should be dismissed for a lack of subject matter jurisdiction.

B.   Interpreting plaintiff's responses as attempts to amend does not change the result.

Even if plaintiff's response and amended response ("the responses") were viewed as attempts to amend her complaint, she still fails to state a claim upon which relief may be granted. According to the responses, around November 2017, plaintiff was assaulted by a passenger while on duty, and although she filed a complaint, the police refused to file charges. Doc. 12 at 2; Doc. 15 at 2; see also Doc. 12 at 9.   On September 9, 2019, plaintiff reported a threat made against her, but the police refused to take her complaint.   Doc. 12 at 1-2; Doc. 15 at 1-2. Plaintiff states, without elaboration, that the police were motivated not to act in both instances because of her race, gender, post-traumatic stress disorder, and national origin. Id.   The responses state that on September 28, 2019, the police falsely accused plaintiff of "planning a shootout at the airport, hating America and Whites," once again motivated by

plaintiff's race, gender, post-traumatic stress disorder, and national origin. Id. The responses claim that plaintiff is entitled to relief under § 1983, the Americans with Disabilities Act of 1990 ("the ADA"), 42 U.S.C. § 12112, et seq., and the Civil Rights Act of 1964 ("the Civil Rights Act"), 42 U.S.C. § 2000e, et seq. Doc. 12 at 5; Doc. 15 at 5. The court disagrees.

First, the responses fail to state a § 1983 claim for the same reasons as the original complaint. In the responses, plaintiff explicitly relies on the respondeat superior doctrine. Doc. 12 at 5; Doc. 15 at 5. She also fails to plead facts regarding a constitutional violation.

Defendant's alleged failures to act when plaintiff reported the 2017 assault and the 2019 threat do not rise to the level of a constitutional violation. Although local governments may be found liable for failures to perform adequate investigations, that failure must have led to a separate constitutional injury.[4] See Piotrowski v. City of Houston, 237 F.3d 567, 581-82 (5th

---

[4] Police inaction motivated by invidious discrimination may constitute a violation of the Equal Protection Clause and satisfy § 1983's constitutional violation prong. See DeShaney v. Winnebago Cty. Dept. of Soc. Servs., 489 U.S. 189, 197 n.3 (1989); Watson v. City of Kansas City, 857 F.2d 690, 694 (10th Cir. 1988) ("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection."). However, although plaintiff states that defendant's failures to investigate were motivated by discrimination, Doc. 12 at 1-2; Doc. 15 at 1-2, she provides no explanation or facts to support these conclusions and therefore fails to state a claim for relief, Iqbal, 556 U.S. at 679.

11

Cir. 2001) (considering a failure to investigate as part of the policy or custom prong of the § 1983 analysis and not as a constitutional violation itself); see also Rolen v. City of Brownfield, 182 Fed. App'x 362, 364 (5th Cir. 2006) ("Failure to investigate or prosecute an offense does not give rise to § 1983 liability."); Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (finding "no further constitutional injury resulted" from a failure to investigate a report of a rape by a police officer); Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) ("However, we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."). Because the alleged failures to investigate do not constitute independent constitutional violations, they cannot form the basis of a § 1983 claim.

The responses also do not provide facts to characterize the terror threat investigation as a constitutional violation actionable under § 1983. The only additional facts provided by the responses are contained in the officer narrative attached to the response. Doc. 12 at 12-13. The details contained therein do not describe a constitutional violation, but rather, routine questioning by police. Because plaintiff failed to allege a

12

constitutional violation, she failed to state a § 1983 claim in her responses.

Second, the responses do not state claims under the ADA. The ADA mandates that "no qualified individual with a disability shall, by reason of such disability, be . . . denied the benefits of the services . . . of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff states, without explanation, that defendant's failures to act in response to the 2017 assault and 2019 threat amounted to discrimination on the basis of her post-traumatic stress disorder. Doc. 12 at 1-2; Doc. 15 at 1-2. She also states that she was "discriminated against based on disability because She [sic] was falsely accused of planning a shootout because of her military background." Doc. 12 at 4; Doc. 15 at 4. Such conclusory allegations, without more, cannot sustain a claim for relief. Iqbal, 556 U.S. at 679.

Finally, plaintiff does not state a claim under the Civil Rights Act. It is not clear how the Civil Rights Act applies to these facts, and plaintiff provides no explanation. The facts alleged do not relate to the subject matter of the Civil Rights Act, such as voting rights, segregation, and discrimination by places of public accommodation. Although the Civil Rights Act does prohibit discriminatory employment practices, 42 U.S.C. §

13

2000a, et seq., the responses do not state that plaintiff worked for or was terminated by defendant.

Because the responses rely on legal conclusions instead of facts, they do not state claims under § 1983, the ADA, or the Civil Rights Act.  Therefore, even if the responses were considered attempts to amend the complaint, plaintiff's claims should be dismissed.

C.    Plaintiff's motion for leave to file an amended pleading is futile.

Plaintiff's motion for leave to file an amended pleading, Doc. 17, should be denied because the proposed pleading contains the same shortcomings as the original complaint and the responses.  It explicitly relies on respondeat superior, id. at 11, consists largely of conclusory language,[5] and the few facts that it adds do not support a cause of action.[6]  In fact, the proposed complaint weakens plaintiff's assertion of officer wrongdoing.  While the original complaint implies that the officers who investigated the alleged terror threat acted solely to put her job in jeopardy, Doc. 1 at 1, the proposed pleading

---

[5] For example, plaintiff repeatedly states, without elaboration, that the officers acted in certain ways "because I am a black female (from Congo) who suffered with military sexual trauma P.T.S.D." Doc. 17 at 3-5.

[6] For example, it states that the 2019 threat that police refused to investigate came from her manager, who said he would lie about her and cause her to lose her job. Doc. 17 at 4. Such a fact does not shed light on why defendant should be liable for the officers' failure to investigate.

14

states that they were responding to a tip provided by her manager, Doc. 17 at 5. Because the proposed pleading fails to state a claim for which relief may be granted, such amendment is futile, and plaintiff's motion should be denied.

VI.

Order

Therefore,

The court ORDERS that the motion to dismiss be, and is hereby, granted, and that all claims and causes of action brought by plaintiff against defendant in the above-captioned action be, and are hereby, dismissed with prejudice.

The court further ORDERS that the motion for leave to file an amended pleading be, and is hereby, denied as futile.

SIGNED _____4/29_____, 2020.

JOHN McBRYDE
United States District Judge

15